**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ROGER THOMAS HAAG, | No. 12-60074 |
| Debtor, | BAP No. 11-1661 |
| ROGER THOMAS HAAG, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| NORTHWESTERN BANK; M&I BANK, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury, and Brand, Bankruptcy Judges, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Roger Haag ("Haag") appeals the Bankruptcy Appellate Panel's ("BAP") decision to affirm the bankruptcy court's oral ruling that declined to discharge Haag's debt, pursuant to 11 U.S.C. § 727(a)(2). Because the parties are familiar with the history of the case, we will not recount it here. We have appellate jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

I

"We review decisions of the BAP de novo and apply the standard of review applied by the BAP to the bankruptcy court's decision." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). The BAP reviewed the bankruptcy court's factual findings for clear error, and its "selection of the applicable legal rules under § 727" and "the application of the facts to those rules" de novo. *Searles v. Riley (In re Searles)*, 317 B.R. 368, 373 (B.A.P. 9th Cir. 2004)). "Those objecting to discharge bear[] the burden of proving by a preponderance of the evidence that [the debtor's] discharge should be denied." *Retz*, 606 F.3d at 1196 (alterations in original) (internal quotation marks omitted).

Because the Bankruptcy Code, and specifically Section 727, seeks to provide debtors with a "fresh start," "courts should construe § 727 liberally in favor of debtors and strictly against parties objecting to discharge." *Id.* (internal quotation marks omitted). Section 727(a)(2) states, in pertinent part, that discharge

2

will not be granted if "the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred . . . property of the debtor, within one year before the date of the filing of the [Chapter 7 bankruptcy] petition" (i.e., within one year before March 23, 2010). Under Section 727(a)(2), the creditors needed to prove two elements: "1) a disposition of property, such as transfer or concealment, and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property."[1] *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir. 1997).

## II

The bankruptcy court did not err in concluding that a transfer of property had occurred. "Transfer," defined in the Bankruptcy Code at Section 101(54) to include "each mode . . . of disposing of or parting with . . . property," includes a withdrawal from a bank account. *Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1282–83 (9th Cir. 1996). Haag admits that he withdrew money from his bank account, converted it into cash, and placed it in a safety deposit box. Thus, a transfer occurred. Moreover, when Haag gave some of that money to his wife,

---

[1] A third element, that the transfer happened within one year of the filing of a bankruptcy petition, *see* § 727(a)(2)(A), is not in dispute here. Haag began moving the $120,000 in July 2009 and filed his bankruptcy petition in March 2010.

Carol, and then she withdrew some of it and spent it on improvements to their condominium in Mexico, Haag once again parted with property, in order to obtain home improvements. In sum, the bankruptcy court did not clearly err in its factual findings regarding Haag's bank account withdrawals and subsequent expenditures on home improvements, nor did it err in concluding that Haag engaged in a property transfer that falls under Section 727(a)(2).

## III

The bankruptcy court also did not err when it concluded Haag evinced an intent to delay or hinder his creditors by disposing of his property. This intent "need not be fraudulent." *Retz*, 606 F.3d at 1200. No circumstantial or contextual evidence, or inferences, are necessary, when a debtor admits to acting with intent. *First Beverley Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1343 (9th Cir. 1986). In addition, certain "badges of fraud" can suggest a fraudulent intent or, at minimum, an intent to delay or hinder. *Emmett Valley Associates v. Woodfield (In re Woodfield)*, 978 F.2d 516, 518 (9th Cir. 1992) (listing, as some of the badges of fraud: (1) "a close relationship between the transferor or transferee," (2) that the transferor was insolvent, and (3) insufficient consideration for the transfer).

Here, the bankruptcy court did not clearly err in finding that Haag had admitted that "he engaged in this process." Indeed, both Haag and his wife

4

explicitly stated that they moved the $120,000 into the deposit box with the intent of avoiding the prying eyes and aggressive behavior of NWB, a creditor to which Haag owed a significant amount of money. Similarly, Haag and Carol have explained repeatedly that they spent the money (i.e., transferred it again) on standard living and business expenses, using it for a "proper purpose" and not simply handing it over to an aggressive bank. The court also did not clearly err in determining that some of the same facts (i.e., badges of fraud) in *Woodfield* exist in Haag's case. Finally, given these clear and indisputable factual findings, the court did not err in reaching the legal conclusion that Haag had acted with an intent to delay or hinder his creditors from taking his tax refund money.

## IV

Haag raises several arguments on appeal, including that his intentions in transferring the money were good because he hoped to protect the funds for less aggressive creditors. But Haag cites to no authority for the proposition that his alleged good intentions outweigh the clear-cut evidence of his intent to delay and hinder. Haag also alleges that applying Section 727(a)(2) is unfair because the creditors were not at the time of the transfer formally seeking out his assets and that, if they had looked, they could easily have discovered the safety deposit box. Again, however, Haag cites to no compelling authority to support this argument.

5

Indeed, nothing in Section 727(a)(2), which merely requires that the transfer take place within a year before the bankruptcy filing, imposes the extra limitation Haag seeks. In sum, Haag has failed to show that the bankruptcy court and BAP erred in their conclusions. As a result, we affirm them both.

**AFFIRMED.**